IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAROLD TOMLIN HODGES, JR., #A0167456, | CIV. NO. 17-00323 SOM-KSC |
| Petitioner, | ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| STATE OF HAWAII, | |
| Respondent, | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Petitioner Harold Tomlin Hodges, Jr.'s Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. ECF No. 1. Hodges challenges his conviction in the Circuit Court of the Second Circuit ("circuit court"), State of Hawaii, in *State v. Hodges*, CR. No. 16-1-0422(1). *See* eCourt Kokua: https://jimspss1.courts.state.hi.us/JEFS; 2PC161000422(1) (last visited 8/17/2017). Hodges's Petition is DISMISSED without prejudice but without leave to amend. Any pending motions are DENIED as moot. A certificate of appealability is DENIED.

## I. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases, which applies equally to habeas petitions brought pursuant to 28 U.S.C. § 2241,[1] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. BACKGROUND

Hodges filed this Petition on July 10, 2017, without payment of the civil filing fee or an application to proceed in forma pauperis. ECF No. 1.

On July 11, 2017, the court issued a Deficiency Order that instructed Hodges to pay the filing fee or submit an in forma pauperis application within twenty-eight days. Order, ECF No. 2. The time has passed for complying with this Order and Hodges has not paid the fee nor sought in forma pauperis status.

---

[1] *See* Rule 1(b) of the Rules Governing § 2254 Cases.

Publicly available records reveal that Hodges was convicted and sentenced in CR. No. 16-1-0422(1) on or about December 5, 2016.  *See* 2PC161000422(1), eCourt Kokua: https://jimspss1.courts.state.hi.us/JEFS.  On January 31, 2017, Hodges filed a notice of appeal.  *Id.*  On February 24, 2017, Hodges was appointed counsel or standby counsel.  *Id.*  After a temporary remand to the circuit court by the Intermediate Court of Appeals ("ICA"), an amended judgment of conviction was entered on May 22, 2017.  The case remains on direct appeal.

### III.  DISCUSSION

There are numerous reasons Hodges's Petition must be dismissed without prejudice.

### A.  Younger Abstention

Under traditional principles of comity and federalism, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.  *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  These concerns are particularly important in the habeas context when a

state prisoner's conviction may be reversed on appeal, rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing, (2) the state proceedings implicate important state interests, (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves of. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Normally, if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *see H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

However, when exceptions or extraordinary circumstances exist, a district court may exercise jurisdiction even when the *Younger* abstention criteria are met. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). Exceptions to *Younger* abstention include state proceedings conducted in bad faith or to harass the litigant, and a statute at issue that flagrantly and patently violates express constitutional prohibitions in every clause, sentence and paragraph. *Id.* (citing *Younger*, 401 U.S. at 53).

*Younger* is satisfied here, and no exception or extraordinary circumstance has been shown justifying federal intervention. Hodges's criminal proceedings involve important state interests and are currently pending on direct appeal in the state court. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the consideration that should influence a court considering equitable types of

5

relief."). Hodges is not barred from litigating any federal constitutional issues in state court and has an appointed attorney to ensure this possible litigation. Finally, relief here would interfere with Hodges's state criminal proceedings in a manner disapproved of by *Younger*, as it would insert federal court oversight into an ongoing state criminal proceeding.

The standard for the bad faith exception to *Younger* abstention is that the prosecution was brought without a reasonable expectation of obtaining a valid conviction. *Baffert*, 332 F.3d at 621. Hodges has been convicted and cannot meet that standard. Moreover, Hodges's claimed constitutional violation does not reveal that his rights are being flagrantly, patently, and expressly violated, and "does not, by itself, constitute an exception to the application of *Younger* abstention." *Id.*

Hodges's claims can be raised on direct appeal, and Hodges also alleges that he is currently raising them in a state post-conviction petition, brought under Rule 40 of the Hawaii Rules of Penal Procedure. Hodges's

6

Petition must be dismissed without prejudice pursuant to the *Younger* abstention doctrine.

**B.     Other Procedural Barriers**

The Petition faces other barriers to relief. First, a federal court shall not grant a habeas petition on behalf of a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement may be satisfied: (1) by providing the highest state court with an opportunity to rule on the merits of the claim, or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). In habeas corpus cases, "federal courts may consider sua sponte whether the defendant has exhausted state remedies." *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987)). Hodges is on direct appeal, claims he is also pursuing post-

7

conviction relief, and clearly has not exhausted the remedies available to him in the state courts. Neither the ICA nor the Hawaii Supreme Court has had an opportunity to rule on the merits of Hodges's claims, and he makes no showing that he lacks state remedies. The Petition is therefore also dismissed for failure to exhaust.

Second, 28 U.S.C. § 2254 is the exclusive avenue for a state prisoner to challenge the constitutionality of his detention, while "§ 2241 is available for challenges by a state prisoner who is *not* in custody pursuant to a state court judgment — for example, a defendant in pre-trial detention or awaiting extradition." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004); *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (holding that § 2241 is available to state prisoners only in those situations "not covered by the limitations in § 2254"). Hodges is in custody pursuant to a Hawaii state court conviction and may not proceed under § 2241.

Third, a petitioner seeking a writ of habeas corpus must name the state officer having custody of him as respondent to the petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (holding that "failure to name the correct respondent destroys personal jurisdiction"). The correct respondent is normally the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Hodges fails to name any state officer having custody of him.

Finally, Hodges has neither paid the civil filing fee nor sought in forma pauperis status. He may not proceed with this action without payment. 28 U.S.C. § 1914.

## IV. **CONCLUSION**

Hodges's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice but without leave to amend. Any pending motions are

DISMISSED as moot.  Any request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 17, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Hodges v. Hawaii*, 1:17-cv-00323 SOM-KSC; Habeas 2017 Hodges 17-323 som (dsm 2241 exh, Younger, not pretr dtn'ee, imp resp)